UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

---

| | |
|---|---|
| Gary L. Coson, | Case No. 20-cv-2359 (NEB/LIB) |
| Plaintiff, | |
| v. | **REPORT AND RECOMMENDATION** |
| The Minnesota Secretary of State, et al., | |
| Defendants. | |

---

This matter comes before the undersigned United States Magistrate Judge pursuant to a general assignment made in accordance with the provision of 28 U.S.C. § 636, and upon Plaintiff Gary Coson's Application to Proceed in District Court Without Prepaying Fees or Costs. [Docket No. 2].

For the following reasons, the Court recommends Plaintiff's Complaint be **DISMISSED without prejudice** based on a lack of subject matter jurisdiction, and it further recommends that Plaintiff's IFP Application be **DENIED as moot**.

**I.   BACKGROUND**

Plaintiff initiated the present action by filing his Complaint. [Docket No. 1]. He names two Defendants: Minnesota's secretary of state, as well as, the State itself. (See, Id.). The suit's thrust concerns this nation's November 2020 elections. (Id. at 2). On his form Complaint in the section requesting the facts underlying his claim, Plaintiff's entire presentation reads as follows:

> The defendants are in the process of violating the United States Constitution and the Constitutional definition of the word "People" by making a false certification of the Elections thereby causing candidates to commit a felony by taking the Oath of Office (Title 18 USC 912: False Personation) and the Secretary of State [committing] a felony by making that false certification (Title 18 USC 2: Aiding).

(Id. at 5).

For relief, Plaintiff asks the Court to "[d]eclare the election null and void in the United States until an election can be had that complies with the United States Constitution under Article 1 Section 2[1] and the Constitutional definition of the word 'People' in that section for United States Senator and House of Representatives." (Id.) (brackets in Complaint).

## II.    ANALYSIS

Under Rule 12(h)(3) of the Federal Rules of Civil Procedure, "[i]f the court determines at any time that it lacks subject-matter jurisdiction, the court must dismiss the action." As Rule 12(h)(3) suggests, Courts have an obligation to police their own jurisdiction. The Court thus must address, as a preliminary matter, whether it has jurisdiction here. The Court concludes that it does not, because Plaintiff lacks standing to bring this suit.

Under the Constitution, federal district courts have the power to decide "Cases" or "Controversies"; to qualify, a case must "embody a genuine, live dispute between adverse parties." Carney v. Adams, 141 S. Ct. 493, 498 (2020) (citing cases); see, Pavek v. Simon, 467 F. Supp. 3d 718, 736 (D. Minn. 2020) (making similar points). Courts assess this issue through the standing doctrine, under which a litigant must show "that he has suffered a concrete and particularized injury that is fairly traceable to the challenged conduct, and is likely to be redressed by a favorable judicial decision." Carney, 141 S. Ct. at 498 (quoting cases); Blue Cross & Blue Shield of N. Carolina v. Rite Aid Corp., No. 20-cv-1731 (ECT/KMM), 2021 WL 465323, at *3 (D. Minn. Feb. 9, 2021) (making similar points (quoting Spokeo, Inc. v. Robins, 136 S. Ct. 1540, 1547 (2016)).

It is well established that the need to show a concrete and particularized "injury in fact" means that a plaintiff cannot establish Article III standing by merely pointing to "a generally available grievance about government—claiming only harm to his and every citizen's interest in the proper application of the Constitution and laws, and seeking relief that no more directly and tangibly benefits him that it does the public at large." Lujan v. Defs. of Wildlife, 504 U.S. 555, 573 (1992); see, Carney, 141 S. Ct. at 498 ("[A] grievance that amounts to nothing more than

2

an abstract and generalized harm to a citizen's interest in the proper application of the law does not count as an 'injury in fact.'").

Applying these principles here is simple; they doom Plaintiff's suit. His cursory allegations point—at best—to a generalized concern that the United States Constitution has somehow been violated by the manner in which the 2020 elections took place. Plaintiff fails to point to any way in which the concerns he raises specifically apply to him. This is a textbook generalized grievance that does not provide standing. This Court therefore concludes that it lacks subject matter jurisdiction over this action.[1]

The Court therefore recommends dismissing this action without prejudice for lack of jurisdiction. Given this recommendation, the Court further recommends denying the IFP Application as moot.

## III.   CONCLUSION

Therefore, based on the foregoing, and on all of the files, records, and proceedings herein,

**IT IS HEREBY RECOMMENDED THAT**:

1. This action be **DISMISSED without prejudice** for lack of jurisdiction; and
2. Plaintiff Gary L. Coson's Application to Proceed in District Court Without Prepaying Fees or Costs, [Docket No. 2], be **DENIED as moot**.


Dated: February 11, 2021            _s/ Leo I. Brisbois_____
                                    Hon. Leo I. Brisbois
                                    United States Magistrate Judge

---

[1] Because the Court decides the jurisdiction issue based on the question of injury-in-fact, it need not consider various other potential reasons why it may lack subject matter jurisdiction over Plaintiff's suit (e.g., mootness). Accordingly, because the Court lacks subject matter jurisdiction over this action, it need not address the substance of the Plaintiff's claims. The Court observes, however, that if it did reach the merits of Plaintiff's claims, they are frivolous.

## NOTICE

**Filing Objections:** This Report and Recommendation is not an order or judgment of the District Court and is therefore not appealable directly to the Eighth Circuit Court of Appeals.

Under Local Rule 72.2(b)(1), "a party may file and serve specific written objections to a magistrate judge's proposed finding and recommendations within 14 days after being served a copy" of the Report and Recommendation. A party may respond to those objections within 14 days after being served a copy of the objections. See, Local Rule 72.2(b)(2). All objections and responses must comply with the word or line limits set forth in Local Rule 72.2(c).