UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

| | |
|---|---|
| GARY L. COSON, | Case No. 20-CV-2359 (NEB/LIB) |
| Plaintiff, | |
| v. | ORDER ACCEPTING REPORT AND RECOMMENDATION |
| THE MINNESOTA SECRETARY OF STATE and THE STATE OF MINNESOTA, | |
| Defendants. | |

Gary L. Coson sued the Minnesota Secretary of State and the State of Minnesota alleging that they violated the Constitution by falsely certifying the results of the November 3, 2020 general election. But because Coson lacks standing to bring his claims, the Court lacks subject matter jurisdiction and must dismiss his Complaint.

BACKGROUND

Coson filed this suit several weeks after the November 3, 2020 general election. (ECF No. 1 ("Compl.").) He alleges that the Minnesota Secretary of State and the State itself "are in the process of violating the United States Constitution" by falsely certifying the election's results. (*Id.* at 5.) Coson asks the Court to declare the election null and void until a constitutionally compliant election can be held. (*Id.*) Coson also filed an application to proceed *in forma pauperis*. (ECF No. 2.) In a February 11, 2021 Report and

Recommendation, United States Magistrate Judge Leo I. Brisbois recommends dismissing this action for lack of subject-matter jurisdiction and denying Coson's application to proceed *in forma pauperis* as moot. (ECF No. 3.) Coson objected. (ECF No. 4.) For the reasons below, Coson's objections are overruled, and the Court accepts the Report and Recommendation and dismisses this suit.

## ANALYSIS

If at any time a court determines that it lacks subject matter jurisdiction, it must dismiss the suit. Fed. R. Civ. P. 12(h)(3). A court has no subject matter jurisdiction over a suit when the plaintiff lacks standing. *ABF Freight Sys., Inc. v. Int'l Brotherhood of Teamsters*, 645 F.3d 954, 958 (8th Cir. 2011) (citation omitted). To establish standing, Coson bears the burden of proving that he (1) suffered a cognizable injury (2) that the defendant caused, and (3) that would be redressed with a favorable decision. *Lujan v. Defs. of Wildlife*, 504 U.S. 555, 560–61 (1992) (citations omitted). For the injury prong, Coson must show that he suffered an "invasion of a legally protected interest" that is concrete and particularized, and "actual or imminent, not conjectural or hypothetical." *Id.* at 560 (quotation marks and citation omitted). Further, the injury must "affect the plaintiff in a personal and individual way," and injuries that are "plainly undifferentiated and common to all members of the public" are generalized grievances that do not confer standing. *Id.* at 560 n.1, 575 (quotation marks and citation omitted); *Lance v. Coffman*, 549 U.S. 437, 440–41 (2007).

Coson's claimed injury—a risk of losing "our Constitutional Rights"—is a textbook generalized grievance. (Compl. at 5.) Coson complains not of conduct that affects him specifically, but rather of perceived harm to the United States' system of government. (*See id.*) This perceived injury is "plainly undifferentiated and common to all members of the public." *Lujan*, 504 U.S. at 575 (internal quotation omitted). Coson may not "employ a federal court as a forum in which to air his generalized grievances about the conduct of government." *United States v. Richardson*, 418 U.S. 166, 175 (1974) (quotation omitted). Because Coson's claimed injury is a generalized grievance, it is not a cognizable injury, and Coson lacks standing to sue.

In his objection, Coson claims that he possesses documents that prove that he has standing. (ECF No. 4 at 1.) He claims that he could not file these documents with the Court because he "could not trust the Clerk of Court to comply with the law to seal those additional pages in accordance with the Democracy Constitution and the Nancy Pelosi Law of October 2009." (*Id.*) To assess whether Coson has standing, though, the Court must look to information in the record. *Owner-Operator Indep. Drivers Ass'n, Inc. v. U.S. Dep't of Transp.*, 831 F.3d 961, 966 (8th Cir. 2016) (quoting *FW/PBS, Inc. v. City of Dallas*, 493 U.S. 215, 231 (1990)). And because Coson's purported proof of standing is not in the record, the Court cannot consider it and must dismiss. It will do so without prejudice.

## CONCLUSION

Based on the foregoing and on all the files, records, and proceedings herein, IT IS HEREBY ORDERED THAT:

1. Coson's objections are OVERRULED;

2. The Report and Recommendation (ECF No. 3) is ACCEPTED;

3. Coson's Complaint (ECF No. 1) is DISMISSED WITHOUT PREJUDICE; and

4. Coson's Application to Proceed in District Court without Prepaying Fees or Costs (ECF No. 2) is DENIED AS MOOT.

LET JUDGMENT BE ENTERED ACCORDINGLY.


Dated: April 7, 2021                                BY THE COURT:

                                                    s/Nancy E. Brasel
                                                    Nancy E. Brasel
                                                    United States District Judge